# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Atari Interactive, Inc.,                            Civ. No. 20-54 (PJS/BRT)

           Plaintiff,

v.

Target Corporation,                      **ORDER FOR SETTLEMENT CONFERENCE**

           Defendant.

**The above-referenced case is assigned to Judge Patrick J. Schiltz for trial.** A settlement conference will be held on **November 9, 2020, at 9:30 a.m., in Courtroom 6A/Chambers 646**, Warren E. Burger Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, before the undersigned United States Magistrate Judge. Unless otherwise ordered, all participants should plan on spending the entire day and evening, if necessary, at this settlement conference. If counsel or participants have time limitations, they must notify the Court and the other side within 7 days of this Order.

Parties are welcome to bring their lunches, snacks, and drinks into the settlement conference rooms.

This Order covers three key topics: (1) required attendees; (2) required pre-settlement conference meetings between counsel; and (3) deadlines and requirements for settlement letters. Please read this Order carefully, because the Court expects counsel and their clients to comply and be fully prepared for the settlement conference.

       (1)       **Required Attendees**. Counsel who <u>will actually try the case</u> and <u>each</u>

<u>party, armed with full settlement authority</u>, shall be present in person. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied. If individuals are parties to this case, they must be present in person. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present in person. If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend in person at the settlement conference.

(2) **Pre-Conference Settlement Discussion(s)**. To encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another on or before **October 29, 2020,** to engage in a full and frank discussion of settlement. Counsel must prepare for this pre-conference discussion with their respective clients. If an in-person meeting is impracticable because of the geographical location of counsel's offices, they may meet by telephone; however, a meaningful settlement discussion is still required. Plaintiff is expected to make a demand and Defendant is expected to present a counter prior to the settlement conference. If a party does not make an opening demand or counter offer, that party must explain why in the settlement letter. Email and letter exchanges do not meet this requirement.

(3) **Confidential Settlement Letters**. If the case does not settle, each attorney shall submit to the undersigned on or before **November 4, 2020,** a confidential letter setting forth (a) the parties' respective settlement positions before the meeting; (b) the parties' respective positions following the meeting; (c) a concise analysis of each remaining liability issue, with citation to the primary relevant authority; (d) a reasoned, itemized computation of each element of the alleged damages, with a concise description or summary of the testimony of each witness who will testify in support of the damage computations; (e) a reasoned analysis of the strengths and weaknesses of their client's case; and (f) a reasoned analysis justifying their client's last stated settlement position, as well as any additional information believed to be helpful to the process of reaching agreement. If you have case law to support your settlement position, please provide copies of the cases and explain why they are relevant in your letter. Please provide only the cases you believe are <u>necessary for Judge Thorson to review prior to the settlement conference</u>. If any other documents are submitted with the letter, the specific information supporting the party's position <u>must be highlighted in yellow</u>. No more than 25 pages of attachments are permitted without prior Court approval. The confidential statement letter is for the Court's use only and should not be served on opposing counsel. Counsel must email their confidential settlement letter to thorson_chambers@mnd.uscourts.gov.

The parties must inform the Court in the confidential letter to be submitted to the Court before the settlement conference the name and position of the person(s) who will attend the settlement conference with full authority to settle the case.

Any deviation from these requirements must be approved by the Court more than seven days prior to the settlement conference.

Failure of any lawyer to submit this letter may result in the settlement conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the conference to be postponed.

Failure of any party or insurance company to comply with any part of this Order may result in the postponement of the settlement conference and/or imposition of an appropriate sanction on the party, company, or attorney who failed to comply.

Date: March 16, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge